400 A.2d 1263

PHILADELPHIA NATIONAL BANK, Appellee,

v.

Louis MIMMO and Eleanor T. Mimmo.

**Appeal of Eleanor T. MIMMO.**

Supreme Court of Pennsylvania.

Argued Jan. 9, 1979.

Decided May 1, 1979.

Carol S. Sanders, Philadelphia, for appellant.

Pierson, Jones & Nelson, Paul Shalita, Philadelphia, for appellee.

Before EAGEN, C. J., and ROBERTS, NIX, MANDERINO and LARSEN, JJ.

## OPINION

PER CURIAM.

The Order of the Superior Court affirming the denial of Petition to Open Judgment entered by the Court of Common Pleas is affirmed.

O'BRIEN, J., did not participate in the consideration or decision of this case.

ROBERTS, J., filed a dissenting opinion in which MANDERINO, J., joined.

ROBERTS, Justice, dissenting.

Appellee, Philadelphia National Bank (PNB), filed a complaint in assumpsit against appellant and her former husband in which it was alleged that appellant and her husband had failed to make any payments on a loan they obtained from PNB. Appellant retained a legal aid attorney and told him that she never received a loan from PNB and that her signature on the loan agreement had been forged. Appellants' attorney failed to file a timely answer to the complaint. Without notifying appellant that it intended to do so, PNB took a default judgment on October 22, 1975.

Appellant retained present counsel and on March 3, 1976, appellant filed a petition to open judgment in which she alleged that her failure to answer the complaint was due to prior counsel's belief that appellee had consented to an extension of time in which to answer. The petition further alleged that appellant's signature on the agreement was forged, and that appellant had received no money and had incurred no liability to PNB. The court of common pleas, without a hearing, denied appellant's petition to open on the basis of the pleadings alone. In doing so the trial court abused its discretion. I must therefore dissent from the majority's per curiam affirmance of the order dismissing appellant's petition to open.

Appellant properly averred a meritorious defense of forgery on the face of her petition to open judgment. For

purposes of the petition, the burden of disproving appellant's allegations was on PNB. See *Yank v. Eisenberg*, 408 Pa. 36, 182 A.2d 505 (1962). Clearly, PNB could not fulfill this burden merely by denying appellant's averment of forgery in PNB's answer to the petition. The petition and answer also raised disputed questions of fact as to appellant's explanation of prior counsel's reasons for failing to file responsive pleadings in a timely fashion. Nonetheless, the trial court dismissed the petition without the benefit of depositions, affidavits, or a hearing.

Appellant personally was clearly without fault in failing to file a timely answer to PNB's complaint and should have been given an opportunity to prove the averments in her petition to open judgment through depositions and/or a hearing. Since in my view, the trial court prematurely issued its order dismissing appellant's petition to open judgment, I would vacate the order of the court of common pleas and remand the record for proceedings consistent with Pa.R. Civ.P. 209.

MANDERINO, J., joins in this dissenting opinion.